810 So.2d 966 (2002)
Robert W. VOLLMER, Appellant,
v.
KEY FINANCIAL CORPORATION, an Indiana corporation, and Bobby J. Key, individually, Appellees.
No. 2D01-2548.
District Court of Appeal of Florida, Second District.
January 18, 2002.
Rehearing Denied March 12, 2002.
*967 Robert T. Maher, Fort Myers, for Appellant.
William E. Stockman of DeBoest, Knudsen, Stockman, Decker & Dryden, P.A., Fort Myers, for Appellees.
DAVIS, Judge.
In this action on a real estate contract, the buyer, Robert W. Vollmer, challenges the trial court's order rescinding the contract and canceling the mortgage and related documents based on its finding that one of the contract provisions was illegal. However, having reviewed the provisions, we conclude that it is not illegal and we accordingly reverse.
On April 12, 1995, Robert Vollmer and Bobby J. Key entered into a real estate contract by which Vollmer agreed to buy a parcel of real estate (Parcel A) from Key for $104,500. By an addendum, the parties agreed that Vollmer would pay $25,000 of the purchase price by replacing or repairing an existing seawall on an adjacent piece of property (Parcel B) owned by Bobby Key. The addendum stated: "Buyer to pay for permits, supplies and labor.... Buyer to use repair and replacement of seawall as equity in purchase with an estimated value of $25,000." The transaction was set to close on June 2, 1995.
As part of that June 2, 1995, closing, Bobby Key quitclaimed title to Parcel A to Key Financial Corporation, and Key Financial deeded the property to Vollmer. Consequently, the parties to the resulting mortgage, promissory note, and the $25,000 promissory note used to secure the seawall repair were Key Financial and Vollmer; Bobby Key was not a party to any of these transactions. Bobby Key was a party only to the original real estate contract, to which Key Financial was not a party.
Three years after the closing, on June 24, 1998, Vollmer applied for and obtained permits from Lee County allowing him to proceed with the seawall repairs he had agreed to perform. However, because he is not a licensed contractor, in order to obtain the permits, he misrepresented that he owned the property on which the repairs were to be done. Lee County apparently allows homeowners to perform their own repairs. Vollmer then performed the repairs to the seawall.
*968 On September 17, 1998, Key Financial filed a seven-count complaint against Vollmer, the first six counts of which requested reestablishment of the two notes, damages, and other similar relief. The seventh count, however, requested rescission of the real estate contract and cancellation of all other related documents on the basis of illegality of the contract. Key Financial argued that the contract was illegal because the seawall provision required Vollmer to do an illegal actperform construction work without a license. The trial court granted partial summary judgment on that seventh count, rescinded the real estate contract, and canceled all the other related documents, including the deed, the mortgage, the promissory note, and the $25,000 promissory note.
We note first that because this issue comes to us on review of the trial court's interpretation of the contract, it is entitled to de novo review. See Cushman & Wakefield of Fla., Inc. v. Williams, 551 So.2d 1251 (Fla. 2d DCA 1989).
We cannot agree with the trial court that the contract provision is illegal. The provision does not require that Vollmer personally perform the seawall repairs. Rather, it states that he is required to "pay for permits, supplies and labor." If anything, this language implies that the parties anticipated that Vollmer would hire a contractor to do the agreed work, not that he would personally do it. Therefore, we conclude that the contract provision is not illegal and that the contract itself is not illegal. The contract was thus not void ab initio; a valid contract was formed.
Given our conclusion that the contract was legal, we reverse the trial court's partial summary judgment rescinding the contract and canceling all related documents. At this point, if Key Financial believes that the work was shoddily performed or not up to the quality that it bargained for, it may pursue a cause of action for damages.
Reversed.
STRINGER, J., and SCHEB, JOHN M., Senior Judge, Concur.